**M. Lee PEARCE, M.D., Plaintiff,**

v.

**SOUTHEAST BANKING CORPORATION, et al., Defendants.**

**No. 83–796–CIV–EPS.**

United States District Court,
S.D. Florida,
Miami Division.

April 12, 1983.

Hugh Culverhouse, Michael Nachwalter, Miami, Fla., for plaintiff.

Bruce Greer, Alvin Davis, Miami, for defendants.

## MEMORANDUM OPINION AND ORDER DENYING MOTION FOR EXPEDITED DISCOVERY

SPELLMAN, District Judge.

THIS CAUSE came before the Court on Plaintiff's Motion for Expedited Discovery, filed April 5, 1983. Having reviewed the record in this cause, conducted a hearing, and being otherwise duly advised, it is hereby

ORDERED AND ADJUDGED that the Motion for Expedited Discovery is DENIED without prejudice to the filing of a motion for preliminary injunction.[1]

Plaintiff, M. Lee Pearce, M.D., the largest individual stockholder in Southeast Banking Corporation (the "Bank"), brought suit against the Bank and its officers and directors claiming that the Defendants had issued a false and misleading proxy solicitation.

The proxy materials concerned, in pertinent part, two proposed amendments to the Bank's Articles of Incorporation. Plaintiff alleges that the proposed amendments were "anti-takeover" provisions that would (1) affect the rights of the holders of common stock with respect to approvals of mergers, acquisitions, or other corporate actions; (2) perpetuate the current management's control of the bank; and (3) deprive stockholders of the benefits of a third party merger, acquisition, sale of assets or similar transaction opposed by the managers of the Bank.

The amendments would increase the number of authorized common shares, par value $5.00 per share, from 25,000,000 to 50,000,000. They would change certain features of the existing serial preferred stock, par value $10.00 per share, and increase the number of authorized shares of such preferred stock from 3,000,000 to 10,000,000. Certain voting rights would be affected by the amendments, also.

The causes of action were alleged to derive from Section 10(b) of the Securities Exchange Act of 1934 (the "Act"), 15 U.S.C. § 78j(b); Section 13(d) of the Act, 15 U.S.C. § 78m(d)(1); and Section 14(a) of the Act, 15 U.S.C. § 78n(a). Plaintiff alleged that the proxy statement was manipulative or deceptive, sent in the mails or by some means of interstate commerce, by persons that beneficially owned, directly or indirectly, more than five percent of a class of the Bank's stock and who had failed to file the necessary documentation, all in violation of the law.

The Motion for Expedited Discovery was submitted pursuant to Fed.R.Civ.P. 30 & 34. Plaintiff was seeking to depose certain persons before the thirty-day waiting period had elapsed following the filing of suit, see Fed.R.Civ.P. 30; and to make requests for production of documents before the forty-five-day waiting period had elapsed, see Fed.R.Civ.P. 34.

The alleged need for expedition was the scheduling of the annual shareholders meeting for April 22, 1983___little more than two weeks from the date of filing suit. The Plaintiff sought to "develop in a timely manner a full factual record on plaintiff's claims so that this Court may have the

---

1. The Court in making this ruling is relying upon the representations made in open court by counsel for the Bank to the effect that the Defendants will not take any action with respect to the new shares, if they are indeed authorized by the vote at the annual meeting, for a period of at least thirty days from the date of the meeting, April 22, 1983.

benefit of such a record in deciding the issues raised by this action and by plaintiff's forthcoming motion for a preliminary injunction." Plaintiff's Motion for Expedited Discovery, p. 3. Plaintiff alleged that expedited discovery was the only effective form of relief in this case, and that it would work no hardship on the Defendants.

Plaintiff argued that district courts had consistently recognized the appropriateness of and need for shortening the normal time for commencement of discovery in federal securities cases in which preliminary injunctive relief was to be sought. The Plaintiff went so far as to state that "[t]he courts routinely grant expedited discovery where, as here, plaintiffs allege that defendants' proxy materials are false and misleading." Plaintiff's Memorandum in Support of Motion, p. 4.

More than one dozen cases were cited as supportive of this proposition. This Court finds most of the cases factually inapposite, and none of them compelling in this instance. Most of the cases concern tender offers. Thus, the situation in those cases was of a more emergency nature than the situation at bar. The state of emergency in the case sub judice is mitigated by three factors.

First, if the proxy solicitation is unsuccessful, this motion will be moot. For reasons of judicial economy, therefore, the meeting should be permitted to take place in the hope that the outcome will moot the present difficulty. Second, even if the proxy solicitation is successful, the newly authorized shares may never be issued. In fact, there are presently in the vault at the Bank several million authorized share certificates, some of which are of a preferred class, that have never been issued.

Third, notice must be given before the authorized shares can be issued. This notice would give Plaintiff the opportunity to represent this motion with a more imminent threat of harm.

The Court finds that, contrary to Plaintiff's assertions, expedited discovery might work a great hardship on Defendants, requiring them to present themselves for deposition on very short notice. This is particularly true in this case, as the officers and directors of the Bank are persons of considerable stature in the business community.

Finally, this Court finds that the harm threatened by this proxy solicitation is not irreparable. Complete relief could be afforded Plaintiff by setting the vote aside; whereas the converse harm in stopping the annual meeting might cast irreparable aspersions on the potentially innocent Defendants.

Thus, the Court holds that the requisite showing of necessity has not been made so as to warrant the granting of the motion for expedited discovery. *See* 8 C. Wright & A. Miller, *Federal Practice & Procedure* § 2104 (1970); 4A J. Moore, J. Lucas & D. Epstein, *Moore's Federal Practice* ¶ 30.54[2] (2d ed. 1982).